## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

LARRY ARNOLD YOUNG,     )
     )
     Movant,     )
     )
v.     )     **CIVIL ACTION NO. 1:06-0347**
     )     **(Criminal Action No. 1:88-0112)**
     )
UNITED STATES OF AMERICA,     )
     )
     Respondent.     )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody.[1] (Document No. 268.) Movant challenges the validity of his plea agreement. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 270.)

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." From the record available to the Court, it appears that Movant filed his Section 2255 Motion without first obtaining certification from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3). Accordingly, the District Court is without jurisdiction to consider Movant's Motion under Section 2255, and therefore, this case must be dismissed.

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## PROCEDURE AND FACTS

Movant is serving a forty year term of imprisonment imposed by the District Court on March 10, 1989, upon his guilty plea to the charge contained in an Information[2] that he violated 21 U.S.C. § 848.[3] (Criminal Action No. 1:88-0112, Document No. 61.) It appears that because Movant's offense conduct as alleged in the Information occurred prior to the effective date of the United States Sentencing Guidelines, November 1, 1987, the District Court did not resort to the Guidelines in determining his sentence but rather determined his sentence pursuant to 18 U.S.C. § 3553. Movant did not appeal his sentence.

Movant has initiated several actions seeking relief under 28 U.S.C. § 2255 and requesting a reduction of his sentence. Movant filed a Motion pursuant to 28 U.S.C. § 2255 on May 17, 1990,

---

[2]  The Information attached to the written plea agreement (Criminal Action No. 1:88-0112, Document No. 57.) stated as follows:

> From in or about the spring of 1986 to in or about October, 1987, within the Southern District of West Virginia, and elsewhere, LARRY ARNOLD YOUNG, the defendant, unlawfully, willfully, knowingly, and intentionally engaged in a continuing criminal enterprise in that he committed violations of Title 21, United States Code, Section 841(a)(1), which were undertaken by LARRY ARNOLD YOUNG, the defendant, in concert with five more persons with respect to whom LARRY ARNOLD YOUNG, the defendant, occupied a position of organizer, a supervisory position, and a position of management, and from which violations LARRY ARNOLD YOUNG, the defendant, obtained substantial income and resources, to which the United States is entitled to forfeiture . . .

[3]  Title 21 U.S.C. § 848, known as the kingpin statute, originally enacted as part of the Organized Crime Control Act of 1970, provided for a minimum sentence for first violations of ten years and a maximum sentence of life in prison and a maximum fine of $100,000. *See Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The statute specifically provided that anyone found to have violated it would not be entitled to parole, suspension of sentence or probation. The statute was amended in 1986 to increase the maximum allowable fine from $100,000 to $2,000,000. It was further amended in 1988 to raise the minimum sentence for first violations from ten years to twenty years.

thus initiating Civil Action No. 1:90-0481. The District Court denied his Motion by Orders entered on March 1, 1991, June 8, 1992, and January 19, 1993. (Criminal Action No. 1:88-0112, Document Nos. 88, 111, and 129.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 993 F.2d 1541 (4th Cir. (W.Va.) June 8, 1993), cert. denied, 528 U.S. 890, 120 S.Ct. 212, 145 L.Ed.2d 178 (1999).

Movant filed a Motion for Reduction of Sentence on September 23, 1998. (Criminal Action No. 1:88-0112, Document No. 138A.) The District Court denied Movant's Motion by Order entered on September 25, 1998. (Id., Document No. 139.) Movant moved for reconsideration (Id., Document No. 140), and the District Court denied this further Motion by Order entered on October 29, 1998 (Id., Document No. 143.). The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 173 F.3d 853 (4th Cir. (W.Va.) March 18, 1999), cert. denied, 528 U.S. 890, 120 S.Ct. 212, 145 L.Ed.2d 178 (1999).

Movant filed another Motion for Reduction of Sentence pursuant to Federal Rule of Criminal Procedure 35 and Constitutional Amendment 5 on June 28, 1999, thus initiating Civil Action No. 1:99-0546. (Criminal Action No. 1:99-0546, Document No. 1.) The District Court denied this Motion by Order entered on July 2, 1999. (Id., Document No. 3.)

Movant filed another Motion for Reduction/Correction/Modification of Sentence on February 14, 2000. (Civil Action No. 1:88-0112, Document No. 179.) The District Court denied this Motion by Order entered on February 14, 2000. (Id., Document No. 180.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 217 F.3d 843 (4th Cir. (W.Va.) June 22, 2000), cert. denied, 531 U.S. 938, 121 S.Ct. 328, 148 L.Ed.2d 574 (2000).

On May 22, 2001, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, thus initiating Civil Action No. 1:01-0461. Movant claimed relief on the basis of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The District Court denied Movant's Motion by Order filed on July 17, 2001, on grounds that Apprendi was not applicable retroactively and Movant's Motion constituted a second or successive Motion for relief under Section 2255 filed without authorization of the Fourth Circuit Court of Appeals. (Civil Action No. 1:01-0461, Document No. 10.) The Fourth Circuit affirmed the District Court's decision. United States v. Young, 26 Fed.Appx. 330 (4th Cir. (W.Va.) Feb. 6, 2002).

On April 4, 2003, Movant filed a Motion to Correct Sentence referring to "Old Rule" 35(a) thus initiating Civil Action No. 1:03-0301. The District Court denied this Motion by Order entered on May 1, 2006, finding that the Motion was without merit. (Civil Action No. 1:03-0301, Document Nos. 20 and 21.) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 2007 WL 1036779 (4th Cir. April 3, 2007), cert. denied, 127 S.Ct. 2447, 167 L.Ed.2d 1144 (2007).

On December 8, 2004, Movant filed a Motion for Resentencing pursuant to 18 U.S.C. § 3582, thus initiating Civil Action No. 1:04-1282. Movant claimed relief on the basis of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). By Order entered on April 21, 2006, the District Court denied Movant's Motion finding that the Motion was not cognizable under Section 3582 and constituted a second or successive Motion for relief under Section 2255. (Civil Action No. 1:04-1282, Document Nos. 12 and 13.) The Fourth Circuit

affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 2006 WL 2586959 (4ᵗʰ Cir. Sept. 8, 2006), cert. denied, 549 U.S. 1137, 127 S.Ct. 989, 166 L.Ed.2d 747 (2007).

On May 11, 2006, Movant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. (Civil No. 1:06-0347, Document No. 268.) Movant challenges the validity of his plea agreement stating that it was entered into "unknowingly and unintelligently." (Id.) Specifically, Movant alleges that his plea is void because (1) he was incorrectly advised that the maximum possible sentence was ten years, and (2) the government recommended that Movant receive the maximum possible sentence after agreeing to make no recommendation as to sentencing.[4] (Id., p. 5.)   On May 24, 2006, Movant filed a

---

[4]  Movant attaches a copy of a portion of the plea agreement which he entered with the United States stating at ¶ 4 that "[t]he maximum penalty to which Mr. Young will be exposed by virtue of his guilty plea is imprisonment for a period of not less than ten (10) years and a fine of $2,000,000." (Civil Action No. 1:06-0347, Document No. 268, p. 8.) At Movant's plea hearing, the District Court inquired respecting this language in the plea agreement and Movant's understanding of the maximum potential penalty to which he was subject addressing Assistant United States Attorney Hunter Smith as follows: (Criminal Action No. 1:88-0112, Document No. 71, pp. 10 - 11.):

THE COURT: [I]n Paragraph 4 on Page two referring to the maximum penalty, . . . the language of the agreement . . . says that Mr. Young will be exposed by virtue of his guilty plea to imprisonment for a period of not less than ten years and a fine of $2 million. And you made reference during your presentation of the agreement that under some circumstances up to life imprisonment was possible. And I want to inquire if this matter is fully understood by the defendant and his counsel.

MR. HOLROYD: I have explained that to him, Your Honor, that his exposure here is not less than ten nor more than life.

THE COURT: All right. I just wanted to make sure that there was no misunderstanding about it since it's not spelled out specifically in the agreement. I take it that was . . . through inadvertence.

MR. SMITH: It was a mistake, Your Honor, yes.

Memorandum in Support of his Motion. (<u>Id.</u>, Document No. 274.) In his Memorandum, Movant continues to argue that his guilty plea should be vacated based upon the above arguments. (<u>Id.</u>)

On January 23, 2008, the United States filed a Motion to Dismiss and Memorandum in Support. (<u>Id.</u>, Document No. 299.) The United States contends that his Motion to Dismiss should be granted because Movant's "present motion represents an attempt to file a successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 without satisfying the statutory requirements for jurisdiction within the district court." (<u>Id.</u>) Thus, The United States states that "[a]bsent the certification required by the statute, this Court has no jurisdiction to entertain defendant's present motion and it should, therefore, be summarily dismissed." (<u>Id.</u>, p. 7.)

On March 19, 2008, Movant filed his "Rebuttal to United States' Motion to Dismiss Motion to Void Plea." (<u>Id.</u>, Document No. 303.) In his Rebuttal, Movant continues to argue that his plea agreement is void. (<u>Id.</u>) Specifically, Movant contends that the government breached the plea agreement and the District Court imposed an inappropriate sentence. (<u>Id.</u>) On April 25, 2008, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Movant, advising him of his right to file a further response to Respondent's Motion to Dismiss. (<u>Id.</u>, Document No. 304.) Movant did not file a further response.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a

---

THE COURT: I just wanted to make sure there wasn't any question concerning that and Mr. Holroyd assures me that he has discussed the matter with Mr. Young. Is that right Mr. Young?

THE DEFENDANT: Yes, ma'am.

panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the

Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly

discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the

issue of whether Movant's Motion actually contains newly discovered evidence or presents a new

rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255

Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436

(4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A).[5] The undersigned notes that Movant first sought

---

[5] Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is
> filed in the district court, the applicant shall move in the appropriate court of appeals
> for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court
> to consider a second or successive application shall be determined by a three-judge
> panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive
> application only if it determines that the application makes a prima facie showing
> that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second
> or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a
> second or successive application shall not be appealable and shall not be the subject
> of a petition for rehearing or for a writ of certiorari.

relief under Section 2255 in Civil Action No. 1:90-0481. He did so again in Civil Action Nos. 1:01-0461 and 1:04-01282, and the matters were dismissed as second or successive Section 2255 Motions. Movant has again failed to obtain the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. Accordingly, Respondent's Motion to Dismiss should be granted because this Court is prevented by statute, 28 U.S.C. §§ 2244(b)(3) and 2255, from entertaining Movant's successive Section 2255 Motion.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **FIND** that Movant seeks to bring a statutorily barred and unauthorized successive Section 2255 Motion. The undersigned hereby **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 299.), **DISMISS** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Document No. 268.), and remove this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Movant and to counsel of record.

Date: April 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge

9